UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :
v.                                :        Case No.:    8:12-CR-159-RAL-EAJ
                                  :
                                  :
                                  :
ADAM HERNANDEZ                    :
_____    :

**<u>DEFENDANT ADAM HERNANDEZ'S SENTENCING MEMORANDUM</u>**

COMES NOW, the undersigned counsel, on behalf of the Defendant, ADAM HERNANDEZ, and files this his sentencing memorandum and in support states as follows:

I.     SENTENCING POSITION

    A.     The Defendant submits that a sentence of 24 months incarceration followed by a period of supervised release is a reasonable but not a greater than necessary sentence that adequately punishes the Defendant for the crime he committed, promotes the rule of law and at the same time protects our community from the chance of any future crimes being committed by this Defendant.

II.     PRE-SENTENCE INVESTIGATION REPORT - FACTUAL OBJECTIONS

    A.     The Defendant has no unresolved factual objections.

III.     PRE-SENTENCE INVESTIGATION REPORT - LEGAL OBJECTIONS

    A.     The Defendant has no unresolved legal objections:.

IV.     THE ADVISORY FEDERAL SENTENCING GUIDELINES TODAY

    A.     Despite the United States Supreme Court in *Booker* and *Gall* (and numerous other cases) reminding all federal district court judges that sentencing requires

individualized attention to each defendant, there has been no dramatic or drastic change in sentencing according to the recent statistics on the Sentencing Commission's own website. As United States Supreme Court Justice Stevens, in his concurring opinion in *Rita*, stated:

"I am not blind to the fact that, as a practical matter, many federal judges continue to treat the Guidelines as virtually mandatory after our decision in Booker." *Rita v. United States, 551 U.S. 338 at 336 (2007).*

The Supreme Court did not stop with the above critique however and, in a later decision, *Nelson v. United States*, 2009 WL 160585 (Jan. 26, 2009), it reversed the Fourth Circuit for affirming a within-guidelines sentence because of the district court's statements at the sentencing hearing that "the guidelines are considered presumptively reasonable" and that "unless there's a good reason in the 3553(a) factors . . . the guideline sentence is the reasonable sentence." The United States Supreme Court scolded the lower court:

"The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error."

Thus, Defendant respectfully and humbly urges this Court to take special care in analyzing the presentence investigation report and the sentencing memorandum the defense has put forth prior to this sentencing so that a full and complete understanding of his life and his crime may be put in the proper perspective and, given the totality of the circumstances, a reasonable but not greater than necessary sentence may be handed down by this Honorable Court. To do otherwise, would cause concern that an individualized sentencing is not occurring with respect to this Defendant and instead a predisposed rendering of

the sentencing guidelines as mandatory is playing out as it did for so many years before the United States Supreme Court decision of *Booker*. As Sixth Circuit Court of Appeal Judge Martin wrote in *United States v. Wilson*, 614 F.3d 219 (6th Cir. 2010):

"When a judge takes the bench with an opinion in hand, the obvious conclusion is that his mind is already made up, that nothing the defendant or his attorney say will make any difference, and that sentencing is just another step in a largely automated, impersonal process."

Whether a district court judge comes into a sentencing hearing with an advisory federal guideline sentence already decided in his mind or an advisory federal guideline sentence already decided in his hand (in the form of an pre-written sentencing opinion) is of no distinction, as the sentencing hearing itself should be the most important day of a defendant's life in criminal court. The integrity and fairness of a federal sentencing hearing must be kept firmly in place by the district court thereby allowing for a full and fair evaluation of a defendant's life, including any mitigating circumstances, as well as his criminal conduct. As District Court Judge Gleeson persuasively opined about the occurrence of below guideline sentences (in response to the Department of Justice's Annual Letter to the Sentencing Commission (dated June 28, 2010) complaining about past judicial reductions to the advisory federal sentencing guidelines since *Booker*, in *United States v. Ovid*, No. 09-CR-216 (E.D.N.Y. October 1, 2010):

"There is nothing surprising or disturbing about the fact that once judgment is allowed to play a role in sentencing, it will be exercised differently by different people. It is the natural consequence of permitting judges to judge – to fashion a just sentence based on all relevant facts in each particular case. The faithful discharge of the obligation to consider all the Section 3553(a) factors will produce a range of reasonable outcomes because there are so many relevant considerations that are so difficult to weigh individually and in combination."

VI.     18 U.S.C. SECTION 3553(a) VARIANCE ANALYSIS

     A.     Since the federal sentencing guidelines are advisory, this Honorable Court is free to utilize 18 U.S.C. Section 3553(a)(1), (2), (3), (6), (7) in fashioning a reasonable sentence for this Defendant and as a result should vary at least one additional offense level downward. These sections require that the sentence of a federal defendant reflect:

1. *The nature and circumstances of the offense and the history and characteristics of the defendant*;

        After his arrest in this case, the Defendant changed his outlook on life and cooperated with the government. The Defendant is not the same person he was prior to his arrest and conviction in this case.

2. *The need for the sentence imposed*, 18 U.S.C. Section 3553(a)(2)

    a. *to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

    b. *to afford adequate deterrence to criminal conduct.*

    c. *to protect the public from further crimes of the defendant.*

    d. *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

2. *The kinds of sentences available*; 18 U.S.C. Section 3553(a)(3).

3. *The need to avoid unwarranted disparity among defendants with similar records and similar crimes*; 18 U.S.C. Section 3553(a)(6).

4. *The need to provide restitution to any victims of the offense.* 18 U.S.C. Section 3553(a)(7).

        This is not relevant to this case.

VII.    REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

    A.    The Defendant respectfully makes the following requests for recommendation of this Honorable Court:

        1.    The Defendant does not believe prison is appropriate but if this Honorable Court disagrees, he respectfully requests a prison camp.

**CONCLUSION**

WHEREFORE, the Defendant, ADAM HERNANDEZ, by and through his undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Third Floor - Suite 330
Tampa, Florida 33606
Direct:          (813) 228-6989
Email: mjo@markjobrien.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY on September 13, 2012 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

     By: /s/ Mark J. O'Brien